UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FELTON J. STERGIS, SR.,

    Plaintiff,

vs.                                                Case No.  3:04-cv-919-J-25MCR

UNITED PARCEL SERVICE, INC.,

    Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Production of Documents (Doc. 29) filed January 22, 2006.  Defendant filed a response in opposition to this Motion on February 6, 2006.  Accordingly, the matter is ripe for judicial review.

### I. Background

On September 20, 2004, Plaintiff filed a complaint alleging sexual harassment, disparate treatment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  (Doc. 1).  Plaintiff claims his former supervisor, Terri Stepter, a female, sexually harassed him and that when he reported the alleged harassment, he was retaliated against by being demoted.

Apparently, around the same time as Plaintiff's demotion, Defendant learned Ms. Stepter had been violating company policy by not paying for personal packages she sent through the UPS system.  (Doc. 36, p.4).  Defendant learned of these violations via an investigation conducted by the District Security Manager, John Fay.  Id.  When

confronted with evidence of her alleged violation, Stepter denied she had violated UPS policy.  Id.  Nevertheless, Stepter decided to resign her employment with Defendant, accept a separation package and execute a Separation Agreement.  Id.

Plaintiff served numerous discovery requests upon Defendant.  At issue today are Plaintiff's requests numbers 9 and 3 which sought "[a]ll documents showing the reason for Terri Stepter's departure from employment with Defendant," and "[a]ll document and reports prepared by employees of the Security Department of UPS regarding an investigation and/or surveillance of the former Director of Sales, Terri Stepter."  Defendant takes the position that these documents are irrelevant to the instant litigation and unlikely to lead to the discovery of admissible evidence.  (Doc. 36, p.1).

## II. Discussion

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal

judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

Plaintiff argues that the documents regarding the investigation into Ms. Stepter's alleged violations of company policy and her resignation are relevant on the issue of her credibility.  Under Rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).  The Court agrees that the documents surrounding the investigation into Ms. Stepter's alleged violations of company policy may be relevant in this case.  As Ms. Stepter is the alleged harasser in this case, she will be a very important witness.  Evidence regarding her violations of company policy (especially in light of the fact that she denied any such violations) may be relevant to her credibility and therefore, is discoverable.  Whether such evidence is admissible is not before the Court at this time and has no bearing on whether it should be discoverable. Additionally, Defendant's argument that Plaintiff should not be able to discover any further information regarding Ms. Stepter's credibility because "Plaintiff already possesses whatever evidence he believes is necessary to challenge Stepter's credibility," is without merit.  (Doc. 36, p.6).  Such a consideration is pertinent when the party resisting discovery makes a showing that production of the requested material would somehow be prejudicial or overly burdensome.  Here, Defendant makes no such

claim. Accordingly, the Court will permit discovery of the information compiled by Defendant during its investigation into the alleged policy violations by Ms. Stepter. This information shall be produced to Plaintiff no later than **Wednesday, February 22, 2006**.

With respect to the severance agreement between Defendant and Ms. Stepter, Plaintiff argues he should be permitted to discover the agreement to determine:

> whether it contains a cooperation clause relative to this litigation, whether it contains a clause regarding non-disclosure of the acts of theft, whether it contains a clause regarding a favorable or neutral reference to prospective employers and the amount of the severance pay. Moreover, the Plaintiff is entitled to discover the amount of the severance pay to compare it to the amount he was offered when presented with the Separation Agreement and General Release by Kim Williams.

(Doc. 29, p.6). During the depositions of Kim Williams and Ms. Stepter, Plaintiff's counsel was able to determine that there was no clause requiring Ms. Stepter to cooperate in this litigation nor was there a clause regarding a favorable or neutral reference to prospective employers. (Doc. 29, Ex. B, p.90, Ex. C, pp.100-101).[1] As such, there is no evidence to suggest Defendant paid Ms. Stepter in order to cooperate in this litigation and therefore, the undersigned finds Plaintiff has failed to demonstrate that the separation agreement is relevant to any of the claims or defenses in this litigation.

Accordingly, after due consideration, it is

**ORDERED**:

---

[1] Additionally, although Ms. Stepter was not able to recall the exact amount of her severance (a fact the Court finds difficult to believe), she was able to provide Plaintiff will an idea of the amount and Plaintiff can compare it to the amount he was offered. (Doc. 29, Ex. C, p.99).

Plaintiff's Motion to Compel Production of Documents (Doc. 29) is **GRANTED in part and DENIED in part** as explained in the body of this Order.  Defendant shall provide Plaintiff with the information regarding the investigation into the actions of Ms. Stepter no later than **Wednesday, February 22, 2006**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  9th  day of February, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party